UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:20-CR-00030-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| CANDY WARD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Candy Ward's *pro se* Motion for Reduction of Sentence [*Motion*, Doc. 72; *Supplement*, Doc. 76]. The Federal Defender Services of Eastern Tennessee have reviewed Defendant's case and have filed a Notice that it will not file a supplemental motion at this time. [Doc. 73]. The United States (the "Government") responded in opposition to Defendant's Motion [Doc. 75], and the matter is now ripe for resolution. For the reasons stated herein, Defendant's motion [Doc. 72] is **DENIED**.

I.      **BACKGROUND**

On February 5, 2021, Defendant pleaded guilty to one count of possession with the intent to distribute 50 grams or more of methamphetamine. [Docs. 51, 53]. On June 4, 2021, this Court sentenced Defendant to a total term of 150 months' imprisonment, followed by a five-year term of supervised release [Doc. 69]. Defendant is currently housed at FPC Alderson, and her projected release date is October 29, 2029. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 13, 2026). In February 2025, Defendant requested compassionate release from the warden. [Doc. 76-1, pg. 2]. Thereafter, Defendant filed the instant motion. The United States

1

opposes Defendant's motion and argues that her motion is improperly raised under the compassionate release statute, and that she does not meet the requirements for compassionate release [Doc. 75].

## II.     LEGAL STANDARD

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009).  The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, amended 18 U.S.C. § 3582(c)(1)(A) to provide district courts with the authority to modify a defendant's sentence and grant compassionate release

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…

18 U.S.C. § 3582(c)(1)(A).[1]

Pursuant to this amendment, district courts may consider motions for compassionate release filed either by the Bureau of Prisons ("BOP") or by a defendant after the defendant has "exhaust[ed] the BOP's administrative process" or "thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020).  Exhaustion of the administrative remedies is a "mandatory condition" to

---

[1]     The statute includes a separate basis for compassionate release which requires, among other prerequisites, that "the defendant is at least 70 years of age" and "has served at least 30 years in prison," but this provision does not apply to Defendant, as he is 36 years old and has only served approximately one year in BOP custody. 18 U.S.C. § 3582(c)(1)(A)(ii).

2

defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).

In addition to the procedural requirements, Section 3582(c)(1)(A) "has identified three substantive requirements for granting relief." *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Court must: (1) find that "extraordinary and compelling reasons merit a sentence reduction"; (2) find "that the reduction is consistent with 'applicable' Sentencing Commission policy statements"; and (3) consider the factors in Section 3553(a), to the extent they apply. *Jones*, 980 F.3d at 1106 (quoting *Ruffin*, 978 F.3d at 1003-06). A motion for compassionate release may be denied when any of the three substantive requirements are not met. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Additionally, the Sixth Circuit has clarified that when the defendant, rather than the BOP, files a motion for compassionate release, the Court "may skip step two of the [Section] 3582(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling' without consulting the policy statement in [U.S.S.G.] § 1B1.13." *Jones*, 980 F.3d at 1111.

## III.    ANALYSIS

The Government does not dispute that Defendant has satisfied the procedural exhaustion requirement. Rather, the Government argues that her claims are unreviewable under § 3582(c)(1)(A) and that she has failed to show that compassionate release would be consistent with the substantive requirements of the statute.

In support of her request for compassionate release, Defendant argues that the Court should reduce her sentence based on a policy disagreement with the Sentencing Guidelines' disparate treatment of offenses based on the purity of the methamphetamine involved. [*See* Doc. 72, pg. 11 (citing the "catch-all" provision in U.S.S.G. § 1B1.13(b)(5) allowing the Court to consider "other

reasons" when evaluating a motion for compassionate release)]. Defendant also highlights her rehabilitative efforts while imprisoned.

There are both procedural and substantive issues with Defendant's motion. Procedurally, a motion for compassionate release "is not the proper vehicle for arguments 'that were or could have been raised on direct appeal or in a [28 U.S.C.] § 2255 motion.'" *United States v. Mattice*, No. 20-3668, 2020 WL 7587155, at *2 (6th Cir. 2020) (alterations in original) (quoting *United States v. Handerhan*, 789 F. App'x 924, 926 (3d Cir. 2019)). "Because defendant's argument could have been raised on appeal, or potentially in a § 2255 motion, it is not properly raised in the instant compassionate release motion." *United States v. Elvir*, No. 3:19-CR-208-TAV-JEM-5, 2024 WL 4829715, at *3 (E.D. Tenn. Nov. 19, 2024) (denying a compassionate release motion contemplating methamphetamine purity sentencing disparities).

Substantively, even if the Court were to consider Defendant's argument regarding the guidelines, it does not constitute an extraordinary and compelling ground for compassionate release. While some courts have expressed their disagreement with the Guidelines' different treatment of methamphetamine and methamphetamine mixtures, "the fact that a district court *may* disagree with a Guideline for policy reasons and *may* reject the Guidelines range because of that disagreement does not mean that the court *must* disagree with that Guideline or that it *must* reject the Guidelines range if it disagrees." *United States v. Young*, 754 F. App'x 331, 335 (6th Cir. 2018) (emphasis in original) (quoting *United States v. Brooks*, 628 F.3d 791, 800 (6th Cir. 2011)). And Defendant does not provide any reason to disagree with the application of the Guidelines to her case, or a reason to find that this case falls outside of the typical case to which the Guidelines apply. Accordingly, the Court does not find that Defendant's arguments regarding the methamphetamine guidelines present an extraordinary and compelling ground for relief.

4

Defendant also cites her many efforts towards rehabilitation as a factor the Court should consider in her motion for compassionate release. But rehabilitation is not, by itself, an extraordinary and compelling reason for compassionate release. *See* U.S.S.G. § 1B1.13(d) ("[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."). Accordingly, while the Court recognizes that Defendant has taken steps to rehabilitate herself, such efforts alone cannot constitute extraordinary and compelling grounds for release.

Because Defendant has failed to present an extraordinary and compelling reason for compassionate release, her motion will be denied.

In the motion, Defendant also moves for a sentence reduction pursuant to § 404 of the First Step Act. Section 404 retroactively applies the Fair Sentencing Act of 2010, which reduced mandatory minimum penalties for crack cocaine offenses. But because Defendant's offenses involved methamphetamine, not crack cocaine, and her offense was committed after 2010, the statute does not provide Defendant with any basis for relief.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, Defendant's *pro se* Motion for Compassionate Release [Doc. 72] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

5